**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF WEST VIRGINIA**

**EARL T. BARNETT,**

      **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　**CIVIL ACTION NO. 1:05CV58**
　　　　　　　　　　　　　　　　　　　　**(Judge Keeley)**

**ALBERTO GONZALES,**
**Attorney General,**

      **Defendant.**

**ORDER ADOPTING-IN-PART AND REJECTING-IN-PART**
**THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**AND DISMISSING PLAINTIFF'S COMPLAINT**

On March 29, 2005, Plaintiff Earl T. Barnett ("Barnett") filed his pro se complaint with this Court, seeking to file a civil action after the issuance of a final agency decision from the U.S. Equal Employment Opportunity Commission ("EEOC") on March 22, 2005.[1] His claim arises from his alleged forced resignation from Federal Corrections Institution Morgantown ("FCI-Morgantown) on August 9, 1978; however, Barnett failed to bring his claim to the EEOC until April 13, 2004. Ultimately, the EEOC dismissed the claim for untimely contact with an EEO counselor.

On November 22, 2005, Defendant Alberto Gonzales ("Attorney General Gonzales") filed his "Motion to Dismiss, or, Alternatively, Motion for Summary Judgment," asserting that Barnett's complaint should be dismissed because he failed to exhaust his administrative remedies prior to bringing this action. On November 23, 2005, the

---

[1] Although he filed his complaint in March, 2005, Barnett did not perfect service on the defendant until September 26, 2005.

**BARNETT v. GONZALES**                                                     **1:05CV58**

## ORDER ADOPTING-IN-PART AND REJECTING-IN-PART
## THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## AND DISMISSING PLAINTIFF'S COMPLAINT

Court referred the motion to United States Magistrate Judge John S. Kaull for a report and recommendation.

After the motion was fully briefed by the parties, the Magistrate Judge issued a Report and Recommendation on June 20, 2006 that recommended that Attorney General Gonzales' motion be denied without prejudice as nonresponsive to Barnett's complaint. Specifically, Magistrate Judge Kaull concluded that the Attorney General had misconstrued Barnett's complaint as alleging that he was terminated because of his Post Traumatic Stress Disorder ("PTSD"), and, therefore, had mischaracterized his claim as a disability discrimination claim under the Rehabilitation Act, 29 U.S.C. §791 et seq. The Magistrate Judge construed Barnett's complaint as alleging that his forced resignation from FCI-Morgantown caused his PTSD; consequently, he characterized Barnett's claim as one for damages due to an alleged discriminatory act.

On July 17, 2006, Attorney General Gonzales objected to the Magistrate Judge's Report and Recommendation,[2] contending that,

---

[2] Following Attorney General Gonzales' objections, the parties filed several additional pleadings concerning whether Barnett in fact received a copy of the objections on the date that Gonzales filed them with the Court. Gonzales filed a certificate of service with his objections, indicating that he had mailed, via the United States Postal Service, a copy of his objections to Barnett on July 17, 2006. Moreover, on August 11, 2006, Barnett filed "Plaintiff's

**BARNETT v. GONZALES**                                              **1:05CV58**

**ORDER ADOPTING-IN-PART AND REJECTING-IN-PART
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND DISMISSING PLAINTIFF'S COMPLAINT**

regardless of the type of discrimination claim advanced by Barnett, his claim arose from his alleged forced resignation in 1978, and no applicable statute of limitations would permit a "multi-decade delay to commence litigation." Directing the Court to his memorandum in support of his dispositive motion, Gonzales also asserted that his motion responded to any discrimination claim, whether brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, or the Rehabilitation Act, and that claims brought under either Act must to proceed through the same administrative process. Thus, even if the Court were to adopt the Magistrate Judge's characterization of Barnett's Complaint, Attorney General Gonzales argues that Barnett's complaint still should be dismissed for failure to timely exhaust administrative remedies.

---

Response to the Objection of the Defendant to the Report and Recommendation/Opinion of the Honorable John S. Kaull, United States Magistrate Judge," directly challenging specific assertions made by Gonzales in his objections. Interestingly, in his August 11, 2006 response, Barnett did not assert that Gonzales had not properly served him with his objections, but, instead, waited until August 29, 2006 to raise that issue with the Court. Nevertheless, Barnett filed two responses to Gonzales' objections which have been considered by the Court; thus, he has not been prejudiced by any delay in receiving the objections.

**BARNETT v. GONZALES**                                                    **1:05CV58**

**ORDER ADOPTING-IN-PART AND REJECTING-IN-PART
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND DISMISSING PLAINTIFF'S COMPLAINT**

**I. CHARACTERIZATION OF BARNETT'S COMPLAINT**

At a minimum, Barnett's two-paragraph complaint is vague. He fails to identify any specific legal basis or the relevant facts supporting his claim. Rather, he simply states:

> I would like to file a civil action against Alberto Gonzales, Attorney General, Dept. of Justice Agency in reference to Request No. 05A50522, Appeal No. 01A50308, Agency No. P20040108.
>
> This civil action is suit is [sic] for disability under post traumatic stress, delayed on-set due to the forced resignation when I worked with the Dept. of Corrections in Morgantown, West Virginia.

Despite its vagueness, the plain import of the complaint is Barnett's assertion that his alleged forced resignation in 1978 resulted in his PTSD.

Furthermore, a review of the record supports the Magistrate Judge's conclusion that Barnett had not asserted a disability discrimination claim under the Rehabilitation Act.  In a January 27, 1999 letter to the EEOC, Barnett clearly stated, "I fieel [sic] that my being terminated closs [sic] me to have stress." Similarly, in the "Complaint of Discrimination" he filed with the U.S. Department of Justice on April 13, 2004, Barnett stated:

4

**BARNETT v. GONZALES**                                              **1:05CV58**

**ORDER ADOPTING-IN-PART AND REJECTING-IN-PART
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND DISMISSING PLAINTIFF'S COMPLAINT**

> I believe I had disability under (PTSD) and alcohol abuse while I was working on my EEO claim for discrimination in 1978 because over months I have problems w/ my mental condition from the Vietnam War. So that is why I am putting in for disability under (delay onset) for (PTSD) + alcohol abuse."

Likewise, in an April 16, 2004 letter to Wanda Dorsey, EEO representative, Barnett stated:

> I feel that I was cohersed [sic] into resigning [in 1978]. At that time I was thinking about my family and how I would take care of them. So I think that all of this was a problem and caused by (PTSD) + my (alcoholic abuse) because I was not drinking at the time .... My drinking started when I put in for my complaint at that time and I started to have nightmares and flashback and began to feeling hopeless b/c I thought about everything that had happened to me .... all my stress was caused by the bureau and brought back memories of my Vietnam Experience .... So I think they did me wrong b/c all of my records and evaluations at that time showed that I was doing a good job .... I am not putting in for discrimination now. I am putting in for a disability under (PTSD) delay (onset) and (alcohol abuse). I feel that they caused all of my problems.

Finally, in a request for reconsideration to the EEOC, Barnett stated:

> I do not believe you understood what my lawyer's argument in the case, because you state that I was putting in a claim for discrimination. However, I was actually filing

5

**BARNETT v. GONZALES**                                              **1:05CV58**

**ORDER ADOPTING-IN-PART AND REJECTING-IN-PART
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND DISMISSING PLAINTIFF'S COMPLAINT**

> a new claim for Delayed Onset of Post Traumatic Stress disorder due to my being forced to resign my employment with the United States Bureau of Prisons in 1978. This is a new claim based upon my learning of this by Dr. Miller's statement in a report of which I learned of this diagnosis on about February 22, 2004. Dr. Miller's diagnosis stated that this was caused by my job due to the my being forced to resign in 1978 from the Federal Correctional Institution known as Kennedy Federal Corrections Institute, Morgantown Monongalia County, West Virginia. [sic]

The EEOC record, thus, clearly demonstrates that Barnett has consistently asserted that his alleged forced resignation caused his PTSD. Therefore, the Court **ADOPTS** the Magistrate Judge's recommendation that Attorney General Gonzales and the EEOC have mischaracterized Barnett's claim as a disability discrimination claim when, in actuality, he has alleged that he sustained a disability as a result of a discriminationatory act.

**II. RESPONSIVENESS OF DEFENDANT'S MOTION TO BARNETT'S COMPLAINT**

That Attorney General Gonzales mischaracterized the type of discrimination claim Barnett has asserted in this action does not necessarily lead to the conclusion that his motion is unresponsive. On several occasions, Barnett has stated that he is not asserting a discrimination claim, but rather a new claim for his delayed onset of PTSD. Barnett, however, does allege that his forced

6

**BARNETT v. GONZALES**                                                1:05CV58

ORDER ADOPTING-IN-PART AND REJECTING-IN-PART
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND DISMISSING PLAINTIFF'S COMPLAINT

resignation in 1978 caused his delayed onset of PTSD. Accordingly, to receive any type of compensation for his PTSD, Barnett must prove that his alleged forced resignation was an impermissible discriminatory act under applicable federal employment laws.

Furthermore, in a November 10, 2005 letter to defense counsel, Barnett stated:

> I feel I should receive an award for severance from the Bureau of Prisons from August 1978 to the filing of this case, in addition to monetary award due to the fact that when they forcibly terminated my position they would not give me any justification of my having to leave my job. [sic]

These types of damages are traditionally sought under a discrimination claim.

Title VII prohibits discrimination in employment on the basis of race, color, religion, sex or national origin. 42 U.S.C. 2000e-2 et seq.[3] Similar to the Rehabilitation Act, Title VII requires a plaintiff to exhaust his administrative remedies by bringing a

---

[3] In his September 11, 2006 response to Attorney General Gonzales' objections, Barnett suggests that his claim should fall under the Americans with Disabilities Act, 42 U.S.C. 12111 et seq. However, the ADA prohibits employment discrimination against persons with disabilities in the private sector. Therefore, this assertion may contradict his prior statements that he is not asserting a disability discrimination claim. A disability discrimination claim against a federal agency is brought under the Rehabilitation Act, and, as established by Attorney General Gonzales' motion to dismiss, any claim for disability discrimination brought by Barnett under the Rehabilitation Act would be untimely and subject to dismissal.

**BARNETT v. GONZALES**                                               **1:05CV58**

**ORDER ADOPTING-IN-PART AND REJECTING-IN-PART
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND DISMISSING PLAINTIFF'S COMPLAINT**

charge with the EEOC.[4] Smith v. First Union Nat'l Bank, 202 F.3d 234 (4th Cir. 2000). Therefore, any type of discrimination claim asserted by Barnett must be exhausted with the EEOC, and Attorney General Gonzales' mischaracterization of the type of discrimination claim asserted by Barnett is not fatal to his motion.[5]

Exhaustion of administrative remedies within the EEOC is not a subject matter jurisdiction prerequisite to filing suit in federal court, but, rather, is a requirement similar to a statute of limitations. Zogrofov v. V.A. Medical Center, 779 F.2d 967 (4th Cir. 1985). At the time the alleged discriminatory act occurred in 1978, the EEOC regulations governing federal sector discrimination complaint procedures were found at 29 C.F.R. Part 1613. 29. Section 1613.214(a)(1)(I) required a federal employee filing a complaint of discrimination with an agency to first bring

---

[4] Significantly, Magistrate Judge Kaull stated that, if the Court should accept Attorney General Gonzales' characterization of Barnett's claim as a disability discrimination claim under the Rehabilitation Act, he would recommend that the Court grant Attorney General Gonzales' motion based on Barnett's failure to exhaust his administrative remedies.

[5] As enacted in 1964, Title VII did not authorize suit against the federal government. Congress, however, amended Title VII in 1972 to reach most federal employment. 42 U.S.C. §2000e-16. Courts have held that Title VII is the exclusive remedy for employment discrimination by federal employees. see e.g. Brown v. General Services Admin., 425 U.S. 820 (1976). Therefore, if Barnett is not asserting a disability discrimination claim under the Rehabilitation Act, he must rely on Title VII to bring any employment discrimination claims against the defendant because the United States has expressly waived its sovereign immunity in that statute.

**BARNETT v. GONZALES**                                                  **1:05CV58**

**ORDER ADOPTING-IN-PART AND REJECTING-IN-PART
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND DISMISSING PLAINTIFF'S COMPLAINT**

the complaint to the attention of an EEO counselor within 30 days of the alleged discriminatory event.[6] Barnett, however, failed to meet with an EEO counselor regarding his present claim until April 5, 2004, approximately 25 years after the alleged discriminatory act. Accordingly, on September 17, 2004, the EEOC dismissed Barnett's complaint for untimely contact with an EEO counselor.

In his responses to the Magistrate Judge's Report and Recommendation, Barnett attempts to pinpoint the date on which he was diagnosed with delayed onset PTSD, and the date on which he discovered that his PTSD was purportedly caused by his forced resignation. He argues that he could not have contacted an EEO counselor within 30 or even 45 days of the discriminatory act in 1978 because it was not until 2204 that he was aware his PTSD was related to his forced resignation.

In <u>Delaware State College v. Ricks</u>, 449 U.S. 250 (1980), the United States Supreme Court considered when a discriminatory act occurs in the context of a university professor's discriminatory discharge claim under Title VII. The Court held that the alleged

---

[6] The regulations as amended effective October 1, 1992, extended the time to contact an EEO counselor to 45 days. 29 C.F.R. 1614.105(a)(1).

**BARNETT v. GONZALES**                                          **1:05CV58**

**ORDER ADOPTING-IN-PART AND REJECTING-IN-PART
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND DISMISSING PLAINTIFF'S COMPLAINT**

discrimination had occurred when the university denied the professor tenure and informed him of the denial. Id. at 258. The Court emphasized that "even though one of the effects of the denial of tenure- the eventual loss of a teaching position- did not occur until later ... 'the proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful.'" Id.; see also Chardon v. Fernandez, 454 U.S. 6 (1981)(limitations period began to run when administrators received advanced notice that their appointments would be terminated in a few weeks, not when their appointments actually ended); Lorance v. AT&T Technologies, Inc., 490 U.S. 900 (1989)(limitations period began to run with the adoption of the seniority system even though the effects were not evident until years afterwards).

These cases establish that courts must focus on when the plaintiff has notice of the alleged discriminatory act, and not when he is aware of the effects of the discrimination. Attorney General Gonzales correctly asserted in his motion and objections to the Report and Recommendation that any discrimination claim would have commenced on the date of Barnett's alleged constructive termination, August 9, 1978. Therefore, regardless of the type of

**BARNETT v. GONZALES**                                                  1:05CV58

**ORDER ADOPTING-IN-PART AND REJECTING-IN-PART
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND DISMISSING PLAINTIFF'S COMPLAINT**

discrimination, any claim arising from the alleged forced termination should have been brought to an EEO counselor within 30 days of August 9, 1978. Because Barnett did not bring his discrimination claim to an EEO counselor until 2004, the EEOC properly dismissed his claim as untimely. The Court, therefore, **CONCLUDES** that Barnett failed to exhaust his administrative remedies.

### III. CONCLUSION

For the reasons stated above, the Court **ADOPTS-IN-PART** and **REJECTS-IN-PART** Magistrate Judge Kaull's June 20th Report and Recommendation. The Court adopts the Magistrate Judge's finding that Attorney General Gonzales misconstrued Barnett's claim as a disability discrimination claim when in fact what he was asserting was that the discrimination had caused his disability. However, the Court rejects the Magistrate Judge's finding that Attorney General Gonzales' motion to dismiss was unresponsive because the exhaustion argument raised is applicable to any discrimination claim. Accordingly the Court **GRANTS** Attorney General Gonzales' motion and **DISMISSES WITH PREJUDICE** Barnett's complaint.

It is **SO ORDERED.**

**BARNETT v. GONZALES**                                                      **1:05CV58**

**ORDER ADOPTING-IN-PART AND REJECTING-IN-PART
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND DISMISSING PLAINTIFF'S COMPLAINT**

The Clerk is directed to send a certified copy of this Order to counsel of record, all appropriate government agencies, and the pro se plaintiff via certified mail, return receipt requested.

DATED: September 27, 2006.

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE